**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE RUIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Jose Ruiz ("Ruiz"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.      Ruiz is a renowned photojournalist whose work consists of front-line activism and editorial photography. He has been featured in publications such as HipHop Weekly Magazine and the New York Daily News. Ruiz also operates TRu iNk Media LLC, which specializes in creative consultancy, social media strategy, and website design.

2.      Ruiz brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant Paramount Global, INC d/b/a "CBS News" (collectively "Paramount") unlawfully published and displayed Ruiz's original photography on its website, *cbsnews.com*. Ruiz at no time sought to associate his work with Defendants or any of their affiliates.

3.       This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7.      Ruiz is an individual residing in Buffalo, New York.

8.     Ruiz is informed and believes and thereon alleges that Paramount is a Delaware corporation and is doing business within the state of New York and New York City.

9.     Defendants Does 1 through 10, inclusive (collectively with Paramount, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Ruiz is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Ruiz's rights and the damages to Ruiz proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPHY

11.     Ruiz created and owns all rights in the original photograph depicted in **Exhibit A** attached hereto (the "Subject Photography").

12.     Ruiz complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Ruiz has registered with the United States Copyright Office at Registration Number VA 2-348-589.

13.    Prior to the acts complained of herein, Ruiz widely publicly displayed and disseminated the Subject Photography.

14.    Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photography for financial benefit by, without limitation, reproducing the Subject Photography online for commercial benefit, including without limitation at websites *cbsnews.com*, which is owned and operated by Paramount, on a page airing a news report containing Ruiz's Subject Photography. True and correct copies and screen captures of Defendants' unauthorized use and their corresponding URLs are depicted in **Exhibit B** attached hereto ("Infringing Use"). These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

15.    A comparison of the Subject Photography with the corresponding images of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16.    Upon information and belief, Ruiz alleges that Defendants, and each of them, had access to the Subject Photography, including through Ruiz's webpage https://titoruiz.photography, Ruiz's numerous online profiles and features, online publications and press featuring Ruiz's work, Ruiz's social media accounts, and/or through viewing the Subject Photography on third-party websites (e.g., Rueters internet search engines, etc.).

17.    Ruiz has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photography.

18.    On January 12, 2021, Ruiz, sent Paramount a copyright infringement notice of the unauthorized use of Ruiz's copyrighted work. The parties were unable to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19.     Ruiz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20.     Upon information and belief, Ruiz alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, viewing the Subject Photography as it was publicly displayed on his website and additionally through CEPA Gallery's webpage at https://www.cepagallery.org/product/c-district-redemption-tito-ruiz-2020/. Access is additionally evidenced by Subject Photography's exact reproduction in the Infringing Use seen below.

21.     Upon information and belief, Ruiz alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

22.     Upon information and belief, Ruiz alleges that Defendants, and each of them, infringed Ruiz's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

23.     Due to Defendants', and each of their, acts of infringement, Ruiz has suffered actual, general, and special damages in an amount to be established at trial.

24.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ruiz's rights in the Subject Photography. As such, Ruiz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography in an amount to be established at trial.

25.     Ruiz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

26.     Ruiz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.     Upon information and belief, Ruiz alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

28.     Ruiz is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized

profits through their respective obtainment, marketing and distribution of the Infringing Use.

29.     By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Ruiz has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

30.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ruiz's rights in the Subject Photography. As such, Ruiz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photography, in an amount to be established at trial.

31.     Ruiz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

32.     Ruiz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33.     The Subject Photography were routinely published without attribution, credit, and other copyright management information identifying Ruiz as the author.

34.     Upon information and belief, Ruiz alleges that Defendants, and each of them, removed Ruiz's copyright management information, as described above,

from the Subject Photography, and/or added false copyright management information to the Subject Photography on the Infringing Use.

35.    Upon information and belief, Ruiz alleges that Defendants, and each of them, distributed and published the Subject Photography on website(s), including but not limited those sites reflected in **Exhibit B** hereto, having removed Ruiz's attribution information, including without limitation his name and/or metadata.

36.    The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

37.    When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.    That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b.    That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d.  That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e.  That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 26, 2023                By:  */s/ Scott Alan Burroughs*
                                                          Scott Alan Burroughs, Esq.
                                                          DONIGER / BURROUGHS
                                                          247 Water Street, First Floor
                                                          New York, New York 10038
                                                          scott@donigerlawfirm.com
                                                          Telephone: (310) 590-1820
                                                          *Attorney for Plaintiff*

## EXHIBIT A



**EXHIBIT B**

https://www.cbsnews.com/news/cariol-horne-buffalo-police-chokehold/

